UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANELL S. WATKINS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL LLC FKA Green Tree Servicing LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION; NBS DEFAULT SERVICES LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 2:17-cv-02247-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Before the Court is a Motion to Dismiss Plaintiff's Complaint filed by Defendants Ditech Financial LLC FKA Green Tree Servicing LLC and Does 1 through 20, inclusive, ("Defendants"). For the reasons stated below, the Motion to Dismiss is granted in part and denied in part.[1]

///

///

///

---

[1] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefing in accordance with Local Rule 230(g).

1

# BACKGROUND[2]

On July 30, 2015, Plaintiff Chanelle Watkins obtained a loan secured by a Deed of Trust ("DOT") in the amount of $ 403,750.00 to purchase a single-family home in Tracy, California. Exh. 1. Compl., ¶ 17. The DOT was recorded in San Joaquin County on August 3, 2015. Id. The DOT identifies Loandepot.Com, LLC dba Imortage [?] as the lender, and conveys title and power of sale to Chicago Title as the trustee. Id. On January 25, 2016, the beneficial interest was assigned to Defendant, Ditech. Id. ¶ 18. On October 5, 2016, Ditech elected to substitute trustee for the subject property to NBS. Exh. C. At times unknown to the Plaintiff, the loan changed assignment from LoanDepot to Ditech to NBS to Federal. All are named as Defendants, as well as Fannie Mae.

On October 13, 2016, NBS recorded the Notice of Default (NOD). Exh. D. At an unspecified time, Plaintiff submitted an initial loan modification request that was denied because her income was too low for the payment schedule. Compl., ¶ 25. At that time Plaintiff was on maternity leave. Plaintiff submitted her second loan modification request after receiving a commission check which qualified as eligible income. Compl., ¶ 30. On May 12, 2017, Defendant recorded a Notice of Trustee Sale (NTS), with a listed sale date of June 5, 2017. Plaintiff's second loan modification with Keep Your Home California was denied on June 3, 2017. Exh. H. On June 13, the property was sold.

The gist of Watkins' allegations is that Defendants violated the Homeowner Bill of Rights' prohibition on "dual tracking," never intending to review Plaintiff's second loan modification request, never intending to find a foreclosure alternative, and instead pursuing a non-judicial foreclosure sale. Compl., ¶¶ 71-72. Watkins alleges Defendants "made representations" keeping her under the guise that the foreclosure was stopped while the second loan modification request was under review, when in fact, Defendants

---

[2] Unless otherwise indicated, the facts set forth in this Section are taken, at times verbatim, from the allegations contained in Plaintiff's Complaint. ECF No. 1. For purposes of deciding this motion, the Court accepts as true the material allegations of the Complaint. Moyo v. Gomez, 40 F. 3d 982, 984 (9th Cir. 1994).

2

simultaneously proceeded with foreclosure. Compl., ¶ 30. Watkins alleges Defendants continued the sale in "bad faith" despite "representations to the contrary." Compl., ¶ 74. Watkins argues she detrimentally relied on these "false representations," causing loss of permanent modification, back dues and interest, lost opportunities to pursue other foreclosure prevention measures, litigation costs, and other actual and consequential damages. Compl., ¶¶ 75-76.

In response, Defendants argue they provided notice of the pending sale, met their statutory notification requirements, and owed no duty to stop foreclosure proceedings after the second loan modification was denied. Watkins filed the instant action in Stockton Superior Court in California on September 22, 2017. Ditech removed the action to this Court on October 26, 2017.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not require detailed factual allegations, but "requires a showing, rather than a "blanket assertion, of entitlement to relief." Id. at 555 n.3 (internal citations and quotations omitted). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level," not merely a "legal conclusion couched as a factual allegation," but

state a claim to relief that is plausible on its face. Id. at 555, 570 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating a pleading must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

If Plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. Still, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

If a claim is dismissed, the Court still must consider whether to grant leave to amend. Leave should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) Dismissal without leave to amend is proper only if it is clear "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005).

**ANALYSIS**

Watkins brings nine causes of action: (1) Violations of California Civil Code sections 2923.55; (2) 2923.7; (3) 2924.10; and (4) 2924.12 provisions, referred to as The California Homeowners' Bill of Rights ("HBOR"); (5) Breach of Contract; (6) Negligence; (7) Negligent Infliction of Emotional Distress; (8) Unfair Business Practices under the Unfair Competition Law ("UCL") Cal. Bus. & Prof. Code 17200; and (9) Quiet Title.

Defendants argue that Plaintiff's claims under California Civil Code §§ 2923.55 and 2924.10 were terminated under the January 1, 2018 repeal of those provisions.

1 However, the Ninth Circuit has continued to allow claims under former section 2923.55
2 as it was reenacted "word-for-word," and meets the principle of "statutory continuity."
3 Travis v. Nationstar Mortg., LLC, 733 F. App'x 371, 373 (9th Cir. 2018). Similarly, section
4 2924.11 was repealed but reenacted by an identical section in Stats. 2012, Ch. 86, and
5 "section 2924.11 still protects the same rights." Id. See also Cort v. Steen, 36 Cal. 2d
6 437, 440 (1950), "when a statute is repealed without a savings clause and as a part of
7 the same act it is simultaneously re-enacted in substantially the same form and
8 substance, all rights and liabilities which accrued under the former act will be preserved
9 and enforced." Therefore, the Court addresses all the claims below.

**A. The Homeowners Bill of Rights, Cal. Civil Code 2923.55**

California Civil Code 2923.55 explicitly states a Notice of Default may not be recorded until the lender attempts to inform the borrower of the default, provides adequate notice of the situation, and/or notice of the lender's proposed actions moving forward.[3] Watkins argues Defendants did not meet that "due diligence" obligation in attempting to contact her to explore options to avoid foreclosure, specifically alleging that prior to recording the NOD and NTS, Defendants did not contact her by phone, in person, or through certified mail as required by § 2923.55. Compl., ¶ 24.

In response, Defendants argue the August 5, 2016 California Declaration of Compliance attached to the NOD with the checked box next to "mortgage servicer exercised due diligence" shows they met their statutory obligation thirty days before filing the NOD. Exh. D. Further, Defendants argue Watkins' own admission that she was in discussions with Defendants regarding foreclosure alternatives supports that Defendants acted with due diligence in attempting to contact Plaintiff. Exh. D, Compl., ¶ 30. Since Plaintiff has not pled with specificity when this communication occurred, the Court is left with the Declaration of Compliance dated months before the NOD.

A section 2923.55(b)(2) claim fails where the plaintiff and mortgage servicer were "in communication regarding a loan modification *before* a notice of default was

---
[3] Cal. Civ. § 2923.55

recorded." Green v. Central Mortgage Co., 148 F. Supp.3d 852, 871 (N.D. Cal. 2015); See also Aguirre v. Wells Fargo Bank, N.A., No. CV 15-1816-GHK (MRWx), 2015 WL 4065245, at *4 (C.D. Cal., July 2, 2015) ("Several courts have found that the pre-foreclosure notice requirements imposed by HBOR are generally satisfied so long as there has been an effort 'to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure'") (quoting Cal. Civ. Code § 2923.55(b)(2)). Further, 2923.55 "only contemplates contact and some analysis of the borrower's financial situation," Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 877 (N.D. Cal. 2010).

Plaintiff's complaint does not include sufficient facts for the Court to make the plausible inference that Defendant failed to attempt due diligence in contacting Plaintiff before filing the NOD. The proffered explanations are bare conclusions, and without information to the contrary, the Declaration of Compliance is persuasive. Accordingly, Plaintiff's First Cause of Action is dismissed with leave to amend.

**B. The Homeowners Bill of Rights, Cal. Civil Code 2923.7**

The California Legislature enacted the HBOR to ensure "borrowers who may qualify for a foreclosure alternative are considered for, and **have a meaningful opportunity to obtain**, available loss mitigation options." California State Assembly No. 278/Senate Bill No. 900 Sec. 1(b).

This goal was given teeth when the Legislature required that mortgage providers promptly establish a single point of contact ("SPOC") to facilitate communications. Indeed, the statute requires the lender provide the borrower one or more direct means of communication with the SPOC when a borrower requests a foreclosure prevention alternative like a loan modification. Cal. Civ. Code § 2923.7(a).[4] This provision also requires assignment of a case manager who is required to provide a centralized point of contact, notice of deadlines, and the status of any pending foreclosure prevention

---
[4] Under Cal. Civil 2923.6(g), if Plaintiff had defaulted on her original loan modification, she would not be entitled to this statutory protection. However, since she was denied her original loan modification request, she remains eligible.

6

alternative.

Watkins alleges she was never assigned a SPOC or a case manager. To support this allegation, Plaintiff points to the lack of an acknowledgement letter that should have followed her original loan modification request. Compl., ¶ 30. She also alleges during the second loan modification application, the loan servicer made multiple requests for duplicative information without providing a SPOC, so there was no effective coordination of requested materials. Compl., ¶¶ 32-33. Defendant denies a material violation occurred as the acknowledgment letter had no bearing on the review and rejection of the loan modification application. Further, in any event, Defendant argues Section 2923.7 only imposes obligations on mortgage servicers, excluding Defendant Fannie Mae.

For a section 2923.7 allegation to survive a motion to dismiss, a plaintiff can show delay, demonstrate that the point of contact was unresponsive, or aver that Defendants made assurances during the review of the loan modification which were not kept. See Ogamba v. Wells Fargo Bank, N.A., 2018 WL 2842495, at *10-11 (E.D. Cal. Jun. 11, 2018) (finding plaintiff's SPOC did not perform required statutory duties when plaintiff was directed to speak to other employees causing "delays, duplicate submission requirements, and miscommunications such that her home was foreclosed exactly one day after she was assured the sale would be postponed."); Terry v. Wells Fargo Bank, N.A., No. C 15-01483 WHA, 2016 WL 3017558, at *4 (N.D. Cal. May 26, 2016) (finding allegations "sufficient to survive a motion to dismiss" where the points of contact gave conflicting advice and were not particularly responsive "only a month or so before defendants recorded a notice of trustee's sale"; noting "HBOR was intended to prevent borrowers from getting just this kind of run-around."); See also Penermon v. Wells Fargo Bank, N.A., 47 F. Supp. 3d 982, 1000 (N.D. Cal. 2014) (rejecting motion to dismiss SPOC claim where representative assured the plaintiff foreclosure would be postponed during review process, but the foreclosure proceeded anyway).

As in Penermon, Plaintiff alleges Defendants made assurances and false representations that the foreclosure would be postponed during the review process and

7

did not give her status updates on the loan modification process. Without a SPOC to keep Watkins abreast of the status of available foreclosure prevention measures, Plaintiff had no means of knowing the rejection of the second loan modification would extinguish her chances of relief, because foreclosure was still underway during the review.

Plaintiff cites several examples of how Defendants were non-responsive: She received duplicative information requests to the point where she could not distinguish between legitimate and illegitimate request, she was not given status updates, she was promised the foreclosure stopped during the review of the loan modification. Critically, she was unaware of deadlines and her remaining options for relief. It is precisely for these reasons it is plausible Plaintiff did not know her property would be sold immediately after the second loan modification was denied, and thus was denied the ability to seek other options. For purposes of surviving a motion to dismiss, Plaintiff has sufficiently shown enough plausible facts supporting her claim Defendants did not meet their statutory obligation. The motion to dismiss Plaintiff's Second Cause of Action is consequently denied.

**C. The Homeowners Bill of Rights, Cal. Civil Code 2924.10**

Section 2924.10 requires the mortgage servicer to provide written acknowledgment of Plaintiff's documentation within five days receipt of the first loan modification application. At issue is whether the missing acknowledgment letter for the first loan modification made a material difference given Watkins' subsequent loan modifications.

Even if an acknowledgement letter could have been helpful in determining any deficiencies in the first application, and thus provide guidance for the second application, Watkins already provided the answer: her first loan modification was denied because her income while on maternity leave could not satisfy the payment schedule. Compl., ¶¶ 26, 28. Further, there are not enough facts to support when the acknowledgment letter would have been received, as the date of the first loan modification submission or

rejection is absent from the complaint. Therefore, the motion to dismiss Plaintiff's Third Cause of Action is granted with leave to amend.

**D. The Homeowners Bill of Rights, Cal. Civil Code 2924.12**

Section 2924.12 authorizes economic damages for material violation of Sections 2923.5, 2923.7, 2924.11, or 2924.17 not remedied before the recording of the trustee's deed upon sale. If the court finds the material violation was intentional or reckless, or resulted from willful misconduct, the court may award actual or statutory damages. Cal. Civ. Code § 2924.12. The Court will consider Watkins' claims as to Defendants' material violations of Section 2923.7.[5]

An alleged violation is material when it "affect[s] a plaintiff's loan obligations or the modification process." Punay v. PNC Mortgage at *8 (citing Cornejo v. Ocwen Loan Servicing, LLC, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015); See also Hsin-Shawn Sheng v. Select Portfolio Servicing, Inc., No. 2:15-CV-0255-JAM-KJN, 2015 WL 4508759, at *3 (E.D. Cal. July 24, 2015).

As discussed above, Watkins was denied two loan modification requests. The lack of a Specific Point of Contact (SPOC) may have materially affected Plaintiff's ability to understand the status of the foreclosure process and how to remedy it or seek other forms of relief. Defendants contend that beyond accusations of **misleading** statements on their part, Watkins has not pled with any specificity that such violations encompassed intentional, reckless, or willful misconduct. Compl., ¶ 74. Defendants deny the violation was material in effect or intentional on their part. Plaintiff has nonetheless explained how she was never put in contact with a SPOC or case manager, even after her request. Watkins also claims she never received the assistance of the five statutory duties required under 2923.7 ensuring the borrower is adequately and timely assisted by communicating the process, coordinating receipt of documents, notifying the borrower if documents are missing, and adequately informing the borrower the status of foreclosure

---

[5] While Plaintiff also alleges material violations of Sections 2923.6 and 2924.11, these sections are no longer actionable under Cal. Civil Code 2924.12 as enacted on January 1, 2018. As discussed above, Plaintiff did not plead enough facts to support a Section 2923.55 claim.

9

1  prevention alternative. Cal. Civ. § 2923.7(a) subs. (b)(1)-(5). Therefore, it is plausible
2  this was a material violation. Accordingly, the motion to dismiss Plaintiff's Fourth Cause
3  of Action is denied.

### E. Breach of Contract

In California, to state a claim for breach of contract, a plaintiff must allege "(1) existence of contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damages to plaintiff as a result the breach." CDF Firefighters v. Maldonado, 1458 Cal. App. 4th 1226, 1239 (2008). Plaintiff alleges Defendant breached the Deed of Trust (DOT) in two different ways: by failing to notify her of the default and failing to notify her of the lender's intent to accelerate the loan before recording the Notice of Default. Exh. 1. ¶ 22.

Defendant maintains that the official recording of the Notice of Default provided proper notice. Defendants further supplement this argument by pointing to Watkins' own admission she knew she did not make all the monthly payments as required under the Deed of Trust, and thus "cannot claim she did not know she was in default." Doc. 4 p. 7, 6-7. Common sense dictates the purpose behind the DOT's acceleration clause is give notice to the defaulting Plaintiff of *when* Defendant will take a course of action in response to Plaintiff's breach by missed payments. The DOT is clear that the Defendants must provide notice of intent to accelerate the loan. However, Plaintiff does not adequately explain how the lack of notice caused the necessary element of damages. Watkins does not address how the lack of notice altered affected the foreclosure, and therefore there is no support for Plaintiff's injury, especially since Plaintiff was aware of her predicament and was actively seeking loan modifications. Accordingly, the motion to dismiss Plaintiff's Fifth Cause of Action is granted. Because amendment would appear futile, no leave to amend will be accorded.

### F. Negligence

To establish a claim of negligence, the Plaintiff must show (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. See

Merrill v. Navegar, Inc., 26 Cal. 4th 465, 500 (2001). A mortgager owes a mortgagee a duty to exercise ordinary care in the loan modification process, but the financial institution's duty of care does not exceed the scope of its conventional role as a "mere lender of money." Willis v. JPMorgan Chase Bank, N.A., 250 F. Supp. 3d 628, 2017 WL 1349744, at * 4 (E.D. Cal. Apr. 5, 2017) (quoting Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991). HBOR's current and former section 2924.12(b) provide for "actual economic damages pursuant to [Cal. Civ. Code] Section 3281," which "defines damages as monetary compensation for one who suffers detriment from the unlawful act or omission of another," Flethez v. San Bernardino Cty. Emps. Ret. Ass'n, 2 Cal. 5th 630, 635 n.2 (2017) (internal quotation marks omitted).

Watkins alleges Defendants failed to exercise reasonable care in the loan modification, in two ways: First, under the Deed of Trust, Defendants had a specific duty to notify Plaintiff of default and how to cure it. She alleges Defendants breached that duty by failing to send notice before acceleration of the loan. Compl., ¶ 67. Second, Watkins alleges that by accepting a loan modification application, Defendants had a duty to review the modification documents fairly "without moving forward with a foreclosure sale." Compl., ¶ 81. She argues she received a letter from Defendants assuring her that any foreclosure process was currently placed on hold. Compl., ¶ 72. Watkins argues Defendants' "false representations" caused her to "refrain from using any available means to protect [her] interest in the property" and violated HBOR. Compl. , ¶¶ 74-75. Defendants deny owing Plaintiff a duty of care beyond the lender relationship, and claim the duty implicit in that relationship was met, noting both that Watkins was properly noticed of her default through the filed NOD and that her second loan modification was reviewed but ultimately rejected.

District Courts have followed the unpublished Ninth Circuit authority following Lueras, where the California Court of Appeal concluded that a lender owes no duty of care to a borrower in the loan modification process because "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's

11

conventional role as a lender of money.". Galindo v. Ocwen Loan Servicing, LLC, 282 F Supp. 3d 1193, 1200–01 (N.D. Cal. 2017) (citing Lueras v. BAC Home Loans Serv., LP, 221 Cal. App. 4th 49, 62 (2013)). The District Court adopted the Lueras court's finding that the Biakanja factors did not support finding that a lender owed a duty of care to a borrower in the loan modification process and affording leave to amend would be futile. Id.; but see Alvarez v. BAC Home Loans Servicing, L.P., 28 Cal. App. 4th 941, 951 (2014) (finding the borrowers' general "alleg[ations] that the mishandling of the loan applications, even though there was 'no guarantee' the modification would be granted had the loan been properly processed, deprived the Homeowners of the possibility of obtaining requested relief.) (quoting Garcia v. Ocwen Loan Servicing, LLC, No. C 10-0290 PVT, 2010 WL 1881098, *3 (N.D. Cal., May 10, 2010)).

Even if this Court were to adopt the Alvarez reasoning that lender has a duty to process the application with "due care," it remains unclear how Defendants did not meet that standard during their assessment of the loan modification. Once the application was rejected, the mortgager did not have a duty to stop the foreclosure that had been set by a previous sale date. Further, Watkins has not shown, absent Defendants' negligence, that she could have cured the default or prevented the sale by pursuit of another loan modification or alternative means. Indeed, Plaintiff admitted she "submitted loan modification applications several times in the past years and has attempted to obtain assistance for foreclosure prevention alternatives." Compl., ¶ 30.

Here, Defendant's filing of the notice of default and the foreclosure after the rejected loan modification do not exceed the scope of its role as a lender of money. Watkins' allegations lack sufficient details to survive a motion to dismiss, including how if she had received an answer to her first loan modification application, she would have avoided or reduced damages, or been able to seek another type of relief. Her vague references to assurances and a letter point to the foreclosure being on hold while the application was *under review.* Compl., ¶ 72. Simply put, once the application was rejected, the facts as pled do not suggest the sale could have been prevented. Thus,

Defendants' Motion to Dismiss Plaintiff's Sixth Cause of Action is granted. No leave to amend will be permitted since the Court finds that any attempt to do so would be futile under the circumstances present.

### G.  Negligent Infliction of Emotional Distress

Negligent Infliction of Emotional Distress (NIED) is a subset of a negligence claim that extends recovery for damages to indirect victims who, while not suffering physical injury as the result of a tortfeasor's acts, nonetheless suffer severe emotional distress. See, e.g., Dillon v. Legg, 68 Cal. 2d 728, 747-48 (1968) (allowing a mother to pursue damages for emotional trauma resulting from witnessing the death of her child). NIED for direct victims is extremely limited. Burgess v. Superior Court, 2 Cal. 4th 1064, 1072 (1992) (noting NIED for direct victims includes rare instances such as the mishandling of corpses, medical diagnostic negligence, and breach of a pre-existing relationship duty.)

No such qualifying circumstances are present here. Further, as the complaint does not support an underlying negligence claim, Watkins cannot state a cognizable NIED cause of action in any event, because "[t]he negligent causing of emotional distress is not an independent tort, but the tort of negligence." Id. (quoting Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., 48 Cal. 3d 583, 588 (1989)). The motion to dismiss Plaintiff's Seventh Cause of Action is granted without leave to amend.

### H. Unfair Business Practices

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The three prongs provide separate and distinct theories of liability. Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1159 (9th Cir. 2012). The unfair prong "simply means any practice whose harm to the victim outweighs its benefits." Saunders v. Superior Court, 27 Cal. App. 4th 832, 839 (1994).

Plaintiff alleges that Defendants engaged in unfair competition and violated HBOR through "unfair and wrongful conduct," entitling her to restitution and injunctive relief. Compl., ¶ 90. The Court will examine her claim to restitution, as injunctive relief is

only available when the tender is paid, and Watkins did not tender the amount owed on the loan. Because the Court concluded above that Watkins stated a plausible claim against Defendants for violation of Section 2923.7, the court will consider this section.

However, beyond conclusory statements, the amended complaint alleges no relevant facts to support how the violation of Section 2923.7 constitute unlawful, unfair, or fraudulent business practices under the UCL. Plaintiff alleges simply that she was "deprived of the statutory protections afforded under California Civil Code." Doc. 14 at 15-16. Moreover, Plaintiff does not explain how Defendant's acts were unfair under any of the three applicable tests used by California appellate courts to determine whether a business practice is unfair under the UCL. See Drum v. San Fernando Valley Bar Ass'n, 182 Cal. App. 4th 247, 257 (2010). For these reasons, the Court grants the motion to dismiss Plaintiff' Eighth Cause of Action with leave to amend.

**I. Quiet Title**

Defendants argue that Watkins' claim for quiet title must be dismissed because she failed to tender the amount owed. ECF No. 4 at 14-15. Even when Watkins alleges she could have paid, California law is clear: "a mortgager cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934). Where Plaintiffs have not alleged they have satisfied their obligation under the Deed of Trust, they have not stated a claim to quiet title. Kelly v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Therefore, Plaintiff's quiet title claim fails because she did not pay the full amount of the debt secured on the property. Because amendment would be futile, Plaintiff's Ninth Cause of Action is dismissed without leave to amend.

**CONCLUSION**

For all the above reasons, Defendants' Motion to Dismiss as to the First, Third, and Fifth through Ninth Cause of Action are GRANTED. The dismissal requests as to

14

the Second and Fourth Causes of Action are DENIED.  Plaintiff may amend her FAC, should she choose to do so, not later than twenty (20) days after the date this Memorandum and Order is electronically filed.  Failure to file an amended pleading within those time parameters will result in the dismissal, with prejudice, of those affected causes of action without further notice.

IT IS SO ORDERED.

Dated:  September 26, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE